LIQUIDATION OF CITIZENS SAVINGS & TRUST COMPANY: KAUFER and others, Respondents, vs. JOHNSON, State Treasurer, Appellant.

*February 13—March 9, 1920.*

*Banks and banking: Liquidation of savings and trust company: Securities held by state treasurer: Jurisdiction of circuit court to order their surrender to commissioner of banking: Appeal: Filing of brief by depositor in company: Questions considered.*

1. In proceedings to liquidate a savings and trust company, an order by the circuit court to the state treasurer, directing him to pay to the commissioner of banking a certain sum of money out of securities belonging to the company and held by the treasurer under secs. 1791$d$ to 1791$i$, Stats. 1898, to be used to satisfy claims against the corporation, such order being necessary and proper to carry out the liquidation proceedings, constituted ample warrant for the state treasurer in making such payment, notwithstanding sec. 2024—77$j$, Stats. 1917, requires that such securities shall, during the existence of the corporation, remain in the state treasurer's possession until otherwise ordered by a court of competent jurisdiction.

2. A claim made by one who was a depositor of the company prior to the time that it came under the provisions of ch. 186, Laws 1909, that the order fails to make proper provision as to the rights of such depositor at the time of the deposit, will not be considered or passed upon, as the record on this appeal does not present these questions.

APPEAL from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

In July, 1897, what was subsequently known as the Citizens Savings & Trust Company was incorporated under the provisions of secs. 1791*d* to 1791*i*, Stats., as they then stood, with a capital stock of $100,000. In January, 1903, its capital was increased to $300,000, and it had placed with the treasurer of the state of Wisconsin, pursuant to said statutes, securities aggregating $101,000.

In December, 1909, proper proceedings were had by said company to comply with the conditions of, and to thereafter do business under, the provisions of secs. 2024—77*i* to 2024—77*r*, Stats., being ch. 186, Laws 1909.

On October 2, 1913, the said securities being still in the possession of the state treasurer, the then banking commissioner of the state took possession of said Citizens Saving & Trust Company, finding it to be insolvent, and from then on he and his successor, *Marshall Cousins*, the present commissioner, proceeded to remain in charge and possession for the purpose of winding up its affairs and liquidating its business, under sec. 2022, Stats.

Claims of different classes or kinds, dependent upon the nature of the obligations of the several creditors, have been filed and allowed against the said Citizens Savings & Trust Company in such liquidation proceedings in the circuit court for Milwaukee county to an amount aggregating over $480,000.

On December 8, 1919, an order was made by said circuit court determining and adjudging upon many of such claims and further providing, being the part of said order material here, that *Henry Johnson*, the treasurer of the state of Wisconsin, be authorized and directed to pay to *Marshall Cousins*, commissioner of banking, the sum of $33,590.10 out of the securities held by him as aforesaid, to be used by said commissioner of banking in paying a dividend to certain of the claimants whose claims were in said order determined and allowed.

It is a conceded fact that no proceedings had been taken

for a voluntary dissolution of the said corporation under sec. 1789, Stats., nor has it been dissolved by any action brought by the attorney general or by any person, he refusing to act, under secs. 3240, 3241, or 3242, and that there has been no formal dissolution of the corporation.

From the order so directing *Henry Johnson,* state treasurer, to pay for the purpose aforesaid the said sum of money, he has appealed.

For the appellant there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

For the respondent *Cousins* there was a brief by *Flanders, Fawsett & Smart,* and oral argument by *C. E. Monroe,* all of Milwaukee.

Briefs were also filed by *Lines, Spooner & Quarles* of Milwaukee, attorneys for *George H. Wright* and the *First Wisconsin Trust Company* as trustees, and by *Glicksman, Gold & Corrigan* of Milwaukee, attorneys for *Jacob Kaufer* and *Mary Mendel* as trustees; and the cause was argued orally by *George Lines.*

*Henry E. Foelske* of Milwaukee, attorney for *Albertina Johnson* and others.

ESCHWEILER, J.    The state treasurer by this appeal very properly presents for final determination the question as to whether he may lawfully and safely proceed to disburse, pursuant to the order of the court below, a substantial sum of money out of the trust fund or securities theretofore deposited with him pursuant to the statutes by the Citizens Savings & Trust Company, the corporate existence of such trust company not yet having been formally terminated.

The deposit was made and has since been held pursuant to statutes which at the time of the deposit provided, and now provide in substance, that it should be held by the state treasurer in trust as security for the faithful execution of any trust which may be lawfully imposed upon and accepted

by such trust corporation; the statute further providing, in language the construction of which by the lower court is challenged on this appeal, as follows: that the securities or cash making up such deposit "shall, at all times, *during the existence of such corporation* remain in the possession of the state treasurer for the purpose aforesaid *and until otherwise ordered by a court of competent jurisdiction.*" Sec. 2024—77j.

The order involved here was made by a court of competent jurisdiction in liquidation proceedings commenced and carried on since October, 1913, under the provisions of sec. 2022, Stats. This statute gives a method for the complete control by the banking commissioner of all the assets of such an insolvent trust company and provides for the full and final distribution thereof to the creditors or the stockholders, as shall be directed by the circuit court having jurisdiction. It cannot need any mere formal dissolution of the corporation by separate proceedings before proper distribution of these securities to those determined to be entitled thereto can be made and ordered, as was here done, by the circuit court having jurisdiction of these proceedings. These necessarily result in a very practical dissolution of the corporation, so far at least as to its capacity to hold on any longer to what it had either in its own possession or that of the state treasurer.

This order is necessary and proper in carrying out the liquidation proceeding and is ample warrant for the state treasurer in complying with it.

The case of *State ex rel. Sheldon v. Dahl*, 150 Wis. 73, 135 N. W. 474, cited by appellant, in no wise conflicts with what is here determined, the situation and questions involved there being substantially different from those here.

A Mrs. Johnson has filed a brief in this matter, alleging her position to be that of one who had a sum on deposit with the Citizens Savings & Trust Company prior to December, 1909, when, as stated above, that company took the

proper steps to come under the provisions of the law as amended by ch. 186, Laws 1909. She claims that the order here before us fails to make proper provision for her rights as they were at that time as to such deposit. The record before us in this appeal, however, is not such that it can bring up for consideration the questions she suggests and for that reason we must decline to consider or pass upon them. Treating her request to be heard as in the nature of a petition to intervene herein, it must be denied.

*By the Court.*—Order affirmed.